UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA JOBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-1124-G |
| GRAND PEAKS PROPERTY | ) | |
| MANAGEMENT, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand this case to the state court from which it was previously removed (docket entry 18).  For the reasons stated below, the motion is granted.

## I.  BACKGROUND

This case arises from an injury suffered by the plaintiff Linda Jobe ("Jobe") on a property that is owned and operated by the defendants D. Vineyards, L.P. ("D. Vineyards") and Grand Peaks Property Management, Inc. ("Grand Peaks") respectively.  Plaintiff's Original Petition ("Original Petition") ¶ 9 (docket entry 1-1).

Jobe originally commenced this action on February 18, 2016, in the 298th Judicial District Court of Dallas County, Texas, to recover damages. *Id.* ¶¶ 1, 11-12.

On April 25, 2016, the defendants removed the case to federal court based on diversity of citizenship. Defendant's Notice of Removal ("Notice") ¶¶ 1, 7 (docket entry 1). Jobe is a citizen of Texas. Original Petition ¶ 3; Notice ¶ 8. Grand Peaks and D. Vineyards are both citizens of Colorado. *See* Notice ¶¶ 9-10.

On July 13, 2016, Jobe filed a motion for leave to file a first amended complaint and join Red Oak Irrigation & Landscape, LLC ("Red Oak Irrigation") and Red Oak Landscape, Inc. ("Red Oak Landscape") as defendants. Plaintiff's Motion for Leave to File a First Amended Complaint Joining Additional Defendants (docket entry 12). On July 14, 2016, the court granted Jobe's motion. Order Granting Plaintiff's Motion for Leave to Add Additional Parties (docket entry 13).

On July 15, 2016, Jobe timely filed an amended complaint joining both Red Oak Irrigation and Red Oak Landscape as defendants. Plaintiff's Amended Complaint with Jury Demand ("Amended Complaint") (docket entry 14). Both Red Oak Irrigation and Red Oak Landscape are citizens of Texas. *Id.* ¶¶ 3-4.

Jobe filed this motion to remand on September 20, 2016, contending that the court lacks jurisdiction because there is not complete diversity of citizenship between the parties. Plaintiff's Motion to Remand (docket entry 18). The defendants did not respond to the motion.

## II. ANALYSIS

### A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendants have alleged only diversity of citizenship as a basis for this court's

jurisdiction.  *See* Notice ¶ 7.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

### B.  Application

Here, Jobe is a citizen of Texas and the defendants Red Oak Irrigation and Red Oak Landscape are also citizens of Texas.  Amended Complaint ¶¶ 3-4; Original Petition ¶ 3; Notice ¶ 8.  Thus, there is not complete diversity between the parties. *See* 28 U.S.C. § 1332(a).  Furthermore, any contention that joinder of Red Oak Irrigation and Red Oak Landscape was improper should have been raised before the court granted Jobe leave to amend her complaint on July 14, 2016.  See *Borden v. Allstate Insurance Company*, 589 F.3d 168, 171 (5th Cir. 2009) ("[A] diverse defendant can argue that a *post*-removal joinder is improper *before* the court grants the plaintiff leave to amend.  Thus, once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available.") (emphasis in original).  Therefore, the court lacks subject matter jurisdiction over this case.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**. This case is **REMANDED** to the **298th Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

October 26, 2016.

**A. JOE FISH**
**Senior United States District Judge**

- 5 -